UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URENO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>K. CLARK,<br><br>　　　　Respondent. | Case No. ED CV 19-00471 DSF (RAO)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

**I.**

**INTRODUCTION**

On March 13, 2019, the Court received Petitioner Jose Ureno's ("Petitioner") Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"), asserting claims arising from a 2013 conviction in San Bernardino County Superior Court for carjacking and theft of a vehicle. (*See generally* Pet., Dkt. No. 1.)

The records of this Court establish that Petitioner instituted a prior habeas action concerning his 2013 conviction. *See Jose Saldivar Ureno v. Stu Sherman*, No.

5:17-cv-00227-DSF-RAO (C.D. Cal. filed February 7, 2017).[1] In Petitioner's prior habeas action, the Court denied the operative petition and dismissed the action with prejudice. *See* Order Accepting Amended Report and Recommendation and Judgment, *Ureno v. Sherman*, No. 5:17-cv-00227-DSF-RAO (C.D. Cal. July 31, 2017), Dkt. Nos. 13, 14.

A review of the instant Petition demonstrates that Petitioner again seeks federal habeas relief concerning the same 2013 conviction, and that the Petition raises new claims not raised in first habeas petition. (Pet. at 2.) Neither the Petition itself nor the records of the Ninth Circuit establish that the Ninth Circuit has authorized Petitioner to bring the instant Petition in this Court.

## II.

## DISCUSSION

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

---

[1] The Court takes judicial notice of these court records and files as well as those of the Court of Appeals for the Ninth Circuit, as necessary herein. *See* Fed. R. Evid. 201(b)(2); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

The Court finds that Petitioner's present Petition is a "second or successive" habeas petition, and his failure to seek authorization from the Ninth Circuit before filing the instant Petition acts as a jurisdictional bar to proceedings in the district court. *See Burton*, 549 U.S. at 153; *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016).

Petitioner states the claims raised in the Petition arise under the Ninth Circuit's recent decision in *Solorio-Ruiz v. Sessions*, 881 F.3d 733, 735 (9th Cir. 2018), which was decided after his prior petition was dismissed in 2017. (Pet. at 4.) New claims not raised in a prior petition must be dismissed unless, *inter alia*, "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). Regardless of the merits of a new claim, a petitioner must receive authorization from the relevant court of appeals before filing a second or successive petition. *Burton*, 549 U.S. at 157; *see also Gregg v. Belleque*, 395 F. App'x 332, 333 (9th Cir. 2010) (district court was without jurisdiction to hear second or successive petition even though habeas petition raised claim relying on recent United States Supreme Court decision); *Styers v. Ryan*, No. CV-12-02332-PHX-JAT, 2017 WL 3641454, at *3 (D. Ariz. Aug. 24, 2017) (leave of the court of appeals is required before successive petition raising new claims may be pursued in district court). The Petition and records of the Ninth Circuit establish that Petitioner has not sought and been granted authorization by the Ninth Circuit to file the instant Petition.

For these reasons, the Court finds that it lacks jurisdiction to consider the Petition. Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed without prejudice for lack of jurisdiction. *See Burton*, 549 U.S. at 152-53. The Clerk is directed to enter judgment dismissing the Petition.

///

///

# III.

# CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. Since the Petition is patently a successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

///

///

///

///

///

///

## IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and
2. A Certificate of Appealability is **DENIED**.

DATED: March 27, 2019

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
United States Magistrate Judge